UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN PECK (#2017-1031144), | ) |
| Plaintiff, | ) |
| v. | ) No. 19 C 3279 |
| | ) Judge Sara L. Ellis |
| HEATHER ROBINSON and ANYTHONY RIGANO, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Brian Peck brings this lawsuit against Defendants Elgin Police Detectives Heather Robinson and Anthony Rigano (the "Detectives"). Peck alleges that Detective Robinson deprived him of his Fifth and Fourteenth Amendment rights against self-incrimination when she denied Peck his right to an attorney during custodial interrogation and otherwise coerced his confession, and Detective Rigano failed to intervene. The Detectives now move to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because a *Miranda* violation alone cannot form the basis of a § 1983 claim, the Court grants the Detectives' motion only to the extent Peck seeks relief for a *Miranda* violation. Peck's claims, however, rest on more than a violation of *Miranda*; thus, his coerced confession claims may proceed and the Court denies the remainder of the Detectives' motion.

**BACKGROUND[1]**

On October 27, 2017, Detective Robinson visited Peck at his home in connection with a missing person report Peck filed earlier that day. Detective Robinson assured Peck that he was

---

[1] The Court takes the facts in the background section from Peck's first amended complaint and presumes them to be true for the purpose of resolving the motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

not under arrest or being charged with a crime and that instead Detective Robinson wanted to show Peck aerial maps relating to his missing person report that would have been too large to bring to his home. Peck agreed to go to the Elgin Police Station to view the maps. At the station, Detective Robinson informed Peck of his *Miranda* rights and began questioning him in connection with the missing person report. Detective Rigano observed the questioning from another room. The questioning began at approximately 11 p.m. Around 2 a.m., Detective Robinson told Peck that he could not leave the station that night, and so Peck spent the night in a jail cell. Questioning resumed the following day, with Detective Robinson again reading Peck his *Miranda* rights. After about twenty minutes, Peck invoked his right to counsel and requested to speak with his family members. Detective Robinson denied both requests, and Detective Rigano, who was also present, did not intervene. Over the course of the seventy-eight hours he spent in detention, Peck made self-incriminating statements. Ultimately, Peck was charged with murder and several other offenses.

At Peck's bail hearing, the judge denied Peck bail, based in part on Peck's self-incriminating statements. Peck then filed a motion to suppress the statements he made after he invoked his right to counsel. At the motion to suppress hearing, the State conceded that the statements made after Peck requested counsel were obtained in violation of his constitutional rights, and the judge entered an order suppressing these statements. The suppressed statements were not introduced at his trial. On February 1, 2022, a jury found Peck guilty of murder, dismemberment, and concealment of those crimes.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.

1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.**     ***Miranda* Claim**

Peck contends that Detective Robinson's interrogation deprived him of his Fifth Amendment right against self-incrimination in part because Detective Robinson refused Peck's request for counsel in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The judge in Peck's criminal case agreed and suppressed the statements Peck made after he requested an attorney. Peck now seeks civil damages.

The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, prevents any person from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V; *see Chavez v. Martinez*, 538 U.S. 760, 766 (2003). In *Miranda v. Arizona*, 384 U.S. at 479, the Court imposed "a set of prophylactic rules" intended to safeguard the Fifth Amendment right against self-incrimination. *Vega v. Tekoh*, --- U.S. ----, 142 S. Ct. 2095 (2022). One of the safeguards identified in *Miranda* was the right to counsel during custodial interrogations. *Miranda*, 384 U.S. at 479.

3

During the pendency of the Detectives' motion to dismiss, the United States Supreme Court issued its opinion in *Vega*, holding that a *Miranda* violation cannot form the basis of a claim under § 1983. 142 S. Ct. at 2106 ("[A] violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of [a] right . . . secured by the Constitution [under § 1983.]'" (second alteration in original) (quoting 42 U.S.C. § 1983)). *Vega* thus forecloses Peck's claims to the extent they rely solely on a *Miranda* violation. *See Fosnight v. Jones*, 41 F.4th 916, 923 (7th Cir. 2022) ("[T]he Supreme Court recently made clear that a *Miranda* violation is not redressable in a suit for damages[.]"); *Dukes v. Washburn*, --- F. Supp. 3d. ----, 2022 WL 1228232, at *8 (N.D. Ill. Apr. 26, 2022) ("Like a claim based on failure to give *Miranda* warnings, a claim based on deprivation of a plaintiff's right to counsel 'is also not the source of a stand-alone constitutional claim, because the right to counsel is derived from the holding in *Miranda*.'" (citation omitted)) Although Peck cannot bring a claim based *solely* on a *Miranda* violation, that he was denied counsel may support his argument that his confession was coerced in violation of the Fifth Amendment.

**II.     Coerced Confession Claim**

Although *Vega* bars claims based solely on *Miranda* violations, Peck argues that his claim of "actual" coercion remains viable. Doc. 60 at 3. The Court agrees. To bring a successful coerced confession claim, Peck must show (1) that his confession was improperly coerced, and (2) that his confession was used against him in a criminal case. *Chavez*, 538 U.S. at 770. Courts consider the totality of all the surrounding circumstances and ask whether a defendant's "will was overborne in such a way as to render his confession the product of coercion." *Arizona v. Fulminante*, 499 U.S. 279, 288 (1991).

The Detectives argue that Peck's coerced confession claim fails because: (1) the statements were not introduced at trial and thus were not "used in a criminal case"; (2) the coerced statements were not the proximate cause of Peck's injury; and (3) *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his claim.[2]

A.   **"Used in a criminal case"**

That Peck's statements were not used at trial does not necessarily mean they were not "used in a criminal case." Peck's complaint alleges that his coerced statements were used to indict him and at a bail hearing at which he was denied bail. The Fifth Amendment prohibits the use of coerced confessions at pre-trial hearings—not only at trials. *Jackson v. Curry*, 888 F.3d 259, 265 (7th Cir. 2018) ("The government violates the Self-Incrimination Clause by using coerced confessions at pre-trial hearings or trials in criminal cases."); *see also Hurt v. Wise*, 880 F.3d 831, 845 (7th Cir. 2018) (finding that a plaintiff stated a claim based on a statement's use in a probable cause affidavit and at a pre-trial hearing, noting that "[w]e have already rejected such a cramped understanding of what it means to 'use' a confession against someone in a criminal case." (citing *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1026–27, n.15 (7th Cir. 2006)); *Sornberger*, 434 F.3d at 1026–27 (finding confession was "used in a criminal case" when introduced at a probable cause hearing, bail hearing, or arraignment and "refus[ing] to hold that the right against self-incrimination cannot be violated unless a confession is introduced in the prosecution's case-in-chief at trial before the ultimate finder of fact.").

Notwithstanding the long line of Seventh Circuit cases holding to the contrary, the Detectives argue that *Johnson v. Winstead*, 900 F.3d 428 (7th Cir. 2018), *Chavez*, 538 U.S. 760, and *Martin v. Marinez*, 934 F.3d 594 (7th Cir. 2019), require the coerced statements to have been

---

[2] The Detectives do not argue that Peck has failed to adequately allege that his incriminating statements were coerced.

5

used at trial. The Court disagrees. First, *Johnson* addressed when a Fifth Amendment claim accrues for statute of limitations purposes, not whether use prior to trial qualifies as being "used in a criminal case." *Johnson*, 900 F.3d at 434. In *Chavez*, the plaintiff made incriminating statements during police questioning but was never prosecuted. 538 U.S. at 764. The Court held that police questioning alone does not constitute "use in a criminal case," but did not address the question here, whether use in a pre-trial proceeding is sufficient, and so it does not disturb Seventh Circuit cases holding that use in pre-trial proceedings is "use in a criminal case." *Id.* at 767 ("We need not decide today the precise moment when a 'criminal case' commences; it is enough to say that police questioning does not constitute a 'case[.]'"). Lastly, the Detectives point to a footnote in *Martin*, a case addressing what damages are available in a Fourth Amendment false arrest and unlawful search case, stating that "Martin misreads *Johnson*, which specifies that an actual Fifth Amendment violation occurs only when the information acquired without *Miranda* warnings is introduced at trial to secure a criminal conviction." 934 F.3d at 600 n.2. The Court finds the *Martin* court's characterization to be an oversimplification of *Johnson*. As discussed above, *Johnson* did not answer whether use at a pre-trial proceeding is "use in a criminal case" and the Court does not believe that this footnote was intended to overrule *Sornberger* and the other Seventh Circuit cases explicitly touching on this question. As such, the Court finds that Peck has sufficiently alleged that his confession was used in a criminal case.

      **B.**    **Proximate Cause**

The Detectives next briefly argue that Peck's coerced confession claim should be dismissed because the coerced statements were not the proximate cause of Peck's injury given that he was ultimately convicted without their introduction at trial. They contend that his

6

conviction proves that probable cause existed to indict Peck even without his confession because "[i]t is inconceivable that a jury could find [Peck] guilty beyond a reasonable doubt, without the benefit of the incriminating statements, if his indictment was procured exclusively by incriminating statements not admitted into evidence at trial." Doc. 53 at 5. At this early stage of the case, however, the Court is limited to the allegations in the complaint, which include that Peck was indicted and denied bail because of his coerced statements. Taking the allegations of the complaint in the light most favorable to Peck, as the Court must at this stage, the Court finds that he has adequately alleged that the Detectives' actions proximately caused his harm.

### C. *Heck v. Humphrey* Bar

Finally, the Detectives contend that Peck cannot proceed on a coerced confession claim because a ruling in his favor would imply the invalidity of his conviction in violation of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a criminal defendant may not use § 1983 to claim damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed[.]" *Id.* at 487. This is because criminal defendants cannot use § 1983 as a collateral attack on an otherwise valid criminal conviction. *Id.* at 486.

Peck argues that *Heck* does not bar his claim because his coerced statements were not introduced at trial and so a ruling in his favor would not imply the invalidity of his conviction.

7

The Detectives argue that it would be inconsistent to find that the coerced statements were used to indict Peck but that a ruling in his favor would not undermine his conviction. The Court disagrees. In *Heck*, the Supreme Court explained that "a suit for damages attributable to an allegedly unreasonable search" may still proceed "even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Id.* at 487 n.7. For instance, doctrines like "independent source," "inevitable discovery," and "harmless error" create situations where a defendant could violate a plaintiff's constitutional rights but a court would still find the evidence admissible at trial. *Id.* In such a situation, "a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful" because the evidence would have been admissible under a different theory. *Id.* (emphasis in original). Peck's claims are even further removed because the prosecution did not use his coerced statements to convict him. Although the statements were used earlier in the case to indict him and at his bail hearing, a ruling that the statements were coerced in violation of the Fifth Amendment would not undermine Peck's conviction because the prosecution did not introduce them at trial. So, even if Peck prevails on his coerced confession claim, his conviction will stand. *See Rollins v. Willett*, 770 F.3d 575, 576–77 (7th Cir. 2014) (finding *Heck* did not apply to an illegal seizure claim where plaintiff pleaded guilty because such a ruling would "have no relevance to the validity of his guilty plea and ensuing conviction."); *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017) ("There is an exception to the *Heck* bar, under which a challenge may be brought to actions . . . that do not have any necessary effect on the validity of a conviction."). [3]

---

[3] Assuming that finding the statements were coerced would place the indictment in jeopardy, thus potentially placing the validity of the subsequent conviction in jeopardy in violation of *Heck*, Peck's claims also encompass the use of the statements to deny him bail which has no relevance to the validity of his conviction. Thus, those elements of his claim could proceed. Moreover, because the complaint does

Because *Heck* does not operate to bar Peck's claim and because he has adequately alleged that his coerced confession was used against him in a criminal case, he may proceed on his non-*Miranda* Fifth Amendment claim.

### III.  Failure to Intervene Claim

Finally, the Detectives argue that Peck's claim against Detective Rigano for failure to intervene cannot proceed without an underlying Fifth Amendment violation. *See Leaf v. Shelnutt*, 400 F.3d 1070, 1093 (7th Cir. 2005) (no failure to intervene without an underlying constitutional violation). But because the Court concludes that Peck has adequately alleged a coerced confession claim, the Court denies the Detectives' motion to dismiss the claim for failure to intervene.

### CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [43]. Peck may not proceed on a claim based solely on a *Miranda* violation but may proceed on his coerced confession claims.

Dated: November 15, 2022

_____
SARA L. ELLIS
United States District Judge

---

not allege that the statements were the sole basis on which the grand jury returned the indictment, a finding that these statements were coerced would also not "necessarily imply the invalidity" of Peck's conviction – the standard by which the Court must address whether *Heck* bars a civil lawsuit.